IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02551-RPM-KMT

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Plaintiff,

v.

DEBRA ANN HALE and
ELVA JOANNE PATTERSON,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**KATHLEEN M. TAFOYA**
**United States Magistrate Judge**

    This matter is before the court on "Patterson's Motion for Entry of Default and Default Judgment Pursuant to F.R.C.P. 55(b)" (hereinafter "Default Motion") [Doc. No. 25, filed April 9, 2009] and "LINA's Unopposed Motion to Dismiss and to Disburse Funds from the Registry of the Court" (hereinafter "Dismissal Motion") [Doc. No. 30, filed May 15, 2009]. No responsive pleading has been filed to either Motion.

    ***BACKGROUND***

    On November 21, 2008 Life Insurance Company of North America (LINA) filed this interpleader Complaint seeking a determination of the proper beneficiary of a life insurance death benefit payable as a result of the death of Nathan Eugene Hale. (Compl. at 1.) The two

claimants were Debra Ann Hale, widow of Nathan Eugene Hale, and Elva Joanne Patterson, daughter of Nathan Eugene Hale. (*Id*. at 2.) Nathan Eugene Hale designated both Patterson and Hale as beneficiaries of the policy[1] on May 19, 2008 and died on May 26, 2008. (*Id*.) Patterson submitted a claim for the death benefit under the policy. (*Id.*) Hale later challenged Patterson's claim alleging that Patterson coerced Hale to complete the beneficiary designation form while he was incapacitated. (*Id*. at 3.) Unable to resolve the dispute, LINA interpleaded the death benefit. (*Id.*) On January 16, 2009, the sum of $29,384.88 was deposited into the Court Registry. [Doc. No. 16.]

### *PROCEDURAL HISTORY*

On January 8, 2009, LINA filed an Affidavit of Service, together with a copy of the summons in this case, showing service on Debra Hale, 2788 S. Richfield Street, Aurora, CO 80013, by Chantel Jones of SWAY Services. [Doc. No. 14.] The service document is notarized and the process server certifies that she is over the age of 18 and has no interest in the action bearing case number 08-cv-02551. The process server indicates that service was personal on Debra Hale who identified herself to the server. Service was made on December 17, 2008. (*Id.*) The Clerk's Office noted that an Answer or other responsive pleading was due from Debra Ann Hale on January 6, 2009.

---

[1] The policy is more fully described as Sodexho, Inc. Group Term Life Insurance Policy, Policy No. FLX-001346.

Co-Defendant Elva Joanne Patterson waived personal service and accepted service on March 16, 2009. The Waiver was filed on March 18, 2009. [Doc. No. 20.] Patterson filed her Answer on March 19, 2009. [Doc. No. 21.]

Defendant Hale failed to file an Answer in this matter or other responsive document and neither she nor anyone acting on her behalf filed an entry of appearance. The Clerk of the Court entered default pursuant to Fed. R. Civ. P. 55(a) against Debra Ann Hale on April 10, 2009. [Doc. No. 27.] It has now been 236 days since the date Defendant Hale was served and no answer or other responsive pleading or entry of appearance on her behalf has been filed.

LINA requests that the Court enter an order (i) dismissing it from this case, (ii) instructing the Clerk of the Court to disburse the amount of $2,570.66 to LINA from the funds on deposit in the Registry of the Court, and (iii) instructing the Clerk of the Court to disburse the remainder of the funds on deposit in the Registry of the Court to defendant Elva Joanne Patterson ("Patterson"). Patterson requests default judgment be entered against Defendant Debra Ann Hale for the amount of funds currently held by the Court, minus the reasonable fees and costs of Plaintiff LINA, and disbursement of the remaining funds in the Court Registry to her.

*ANALYSIS*

Normally an interpleader action is concluded in two stages, the first determining that subject matter and personal jurisdiction are properly vested in the court and relieving the plaintiff stakeholder from liability, and the second adjudicating the adverse claims of the defendant claimants. This bifurcation is not mandatory, however, and the entire action may be

disposed of at one time. *See* 7 C. WRIGHT, A. MILLER, & M.K. KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1714 (2001).

### *A.     Jurisdiction.*

LINA asserts this Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (general federal question jurisdiction provision), 29 U.S.C. § 1132(e)(ERISA jurisdiction provision), and 28 U.S.C. § 1335 (minimal interpleader diversity).[2]

This court finds that jurisdiction of this action is proper pursuant to Title 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.  LINA has alleged, "[t]he Policy is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §§1001, et seq." (Compl. ¶ 6.)  Title 29 U.S.C. § 1132(a)(1)(B) provides, "A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Title 29 U.S.C. § 1132(e) provides, "Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title." *Id.*  As to Section (a)(1)(B), however, the statute provides for concurrent jurisdiction with state courts.  Further, 29 U.S.C. § 1132(f) provides, "The district

---

[2] The Plaintiff does not set forth the residency, for purposes of diversity jurisdiction, of the two interpleader defendants in the Complaint, therefore jurisdiction cannot be premised on this statute.

courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." LINA has sought interpleader relief under Federal Rule of Civil Procedure 22 which is appropriate pursuant to federal question subject-matter jurisdiction under 28 U.S.C. § 1331.

### *B.      Adverse claims.*

An entry of default and subsequent entry of a default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Fed. R. Civ. P. 55(b)(1) provides, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *Id.* "If defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *United States v. Craighead*, 176 Fed. Appx. 922, 925, 2006 WL 936684, *2 (10th Cir. 2006) (quoting 10A C. WRIGHT, A. MILLER & M. K.KANE, FEDERAL PRACTICE AND PROCEDURE; CIVIL 3D § 2688 (2001).

The court record indicates that the sum of $29,384.88 was deposited into the Court Registry on January 20, 2009. [Doc. No. 16.] Although, neither Patterson nor LINA filed an

Affidavit with their motions, the presumptive amount to be distributed in this interpleader action is the sum certain deposited without contest of $29,384.88.[3]

"[T]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Amoco Production Co. v. Aspen Group*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999) (quoting *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993). Further, in an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the *res. Id. See also Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir.1984) ("if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."); *New York Life Ins. Co. v. Connecticut Development Authority*, 700 F.2d 91, 95 n. 6 (2d Cir. 1983) (default of interpleader defendants expedited conclusion of interpleader action by obviating need for judicial determination of answering defendant's entitlement to stake); *General Accident Group v. Gagliardi*, 593 F.Supp. 1080, 1089 (D. Conn. 1984); *Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006).

      C.     *Plaintiff's Costs and Fees.*

As noted *infra* LINA filed its Dismissal Motion on May 15, 2009. In that Motion, LINA asserts that it has incurred $ 437.30 in costs to prosecute this interpleader action and $2,133.36 in legal fees. (Disml. Mot. at ¶ 10.) LINA asserts it has conferred with counsel for Defendant

---

[3]The Complaint does not set forth within its four corners the exact amount of the death benefit payable to the rightful beneficiary under Nathan Eugene Hale's life insurance policy.

Patterson who does not oppose the award of those costs and fees to LINA, to be distributed from the proceeds now residing in the Court's Registry. (*Id.* at ¶ 11.) Although neither rule nor statute specifically provides for attorneys' fees and costs in interpleader cases, "[f]ederal practice . . . has followed the traditional equity rule that gives the trial court discretion to allow a disinterested stakeholder to recover costs and attorney's fees from the stake itself." *Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256 (M.D. Ala. 2002) (quoting 4 J. MOORE, MOORE'S FEDERAL PRACTICE § 22.06 (3d ed.2002); *Cockrell v. United Bank of Denver Nat. Ass'n.*, 664 F. Supp. 1398, 1401 (D. Colo. 1987); *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir.1986) ("In an interpleader action, costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stakeholder."). *See also*, 29 U.S.C. §1132(g)(1)(reasonable attorney's fee and costs of action to either party allowed). Generally speaking, "the award of an attorney's fee in an interpleader action has in mind the performance of services in connection with the preservation of the funds." *Liberty Nat. Bank & Trust Co. of Oklahoma City v. Acme Tool Division of Rucker Co.*, 540 F.2d 1375, 1382 (10th Cir. 1976). Such is certainly the case in this action.

In bringing this action, the Plaintiff was required to draft and file a complaint, serve process, draft several motions, and respond to several other motions. Accordingly, the Court concludes that the agreed-upon sum of $2,570.66 for attorneys' fees and costs is appropriate.

*CONCLUSION*

Therefore, by simple mathematical computation, the court can determine that $26,814.22 remains to be distributed pursuant to the life insurance policy of Nathan Eugene Hale. As the sole remaining claimant, Defendant Elva Joanne Patterson is entitled to the *res*.

This Court therefore **RECOMMENDS**

1. "Patterson's Motion for Entry of Default and Default Judgment Pursuant to F.R.C.P. 55(b)" [Doc. No. 25] and "LINA's Unopposed Motion to Dismiss and to Disburse Funds from the Registry of the Court" [Doc. No. 30] be **GRANTED**;

2. Default judgment be entered against Defendant Debra Ann Hale and in favor of Defendant Elva Joanne Patterson;

3. The amount of $2,570.66 be distributed from the Court's Registry to Life Insurance Company of North America;

4. The remaining proceeds of the insurance policy, which have been deposited into the Registry of the Court, be paid to Defendant Patterson in the sum certain of $26,814.22

5. Defendant Debra Ann Hale be restrained from instituting any action against Plaintiff LINA affecting the life insurance benefits that are being paid to Defendant Patterson; and

6. Plaintiff LINA be discharged from further liability under the policy by reason of the death of Nathan Eugene Hale.

**NOTICE:** Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal

**those portions of the ruling);** *Ayala v. United States***, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).** *But see, Morales-Fernandez v. I.N.S.***, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).**

Dated this 10th day of August, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge